UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

KARINA C. NUNEZ

    Plaintiff,

v.

JAMES T. PARKER, and his wife
NAKARI PARKER

    Defendants,

_____/

# **COMPLAINT**

COMES NOW the Plaintiff KARINA C. NUNEZ, by and through the undersigned counsel, and hereby sues Defendants JAMES T. PARKER and his wife NAKARI PARKER, and alleges:

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff KARINA C. NUNEZ (hereinafter KARINA C. NUNEZ, or Plaintiff) is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants JAMES T. PARKER and his wife NAKARI PARKER (hereinafter JAMES T. PARKER and his wife NAKARI PARKER, or Defendants) are Miami Dade County residents who employed Plaintiff KARINA C. NUNEZ as a domestic

employee. These individual Defendants are covered employers for purposes of the Act.

## GENERAL ALLEGATIONS

4. Defendants JAMES T. PARKER and NAKARI PARKER employed Plaintiff KARINA C. NUNEZ as a household domestic employee to work in their private residence located at 14621 Pompano Drive, Coral Gables, Florida 33158.

5. Plaintiff worked for the family approximately from July 01, 2019, to December 17, 2021, or more than 128 weeks.

6. When Defendants JAMES T. PARKER and NAKARI PARKER hired Plaintiff KARINA C. NUNEZ, they entered into a verbal employment agreement with Plaintiff detailing her days of work, working hours per day, and rates-wages per hour.

7. Pursuant to the terms of the verbal agreement, Plaintiff was going to perform as a domestic employee, 40 hours per week from Monday to Friday, and Defendants JAMES T. PARKER and his wife NAKARI PARKER were to pay Plaintiff KARINA C. NUNEZ for the full value of her work and services including overtime hours if any.

8. During her entire period of employment as a domestic household employee in the private home of Defendants, Plaintiff KARINA C. NUNEZ worked as a full-time housekeeper and cook.

9. Plaintiff's duties included taking care of two kids ages 4 and 6, housekeeping, cooking, doing the laundry, ironing, shopping for groceries, and many other domestic household tasks.

10. Plaintiff had a regular schedule. She worked from Monday to Friday from 8:00 AM to 6:00 PM (10 hours). Plaintiff was unable to take regular bonafide lunch breaks, and she completed a minimum of 50 hours worked every week.

11. Additionally, while employed by Defendants, Plaintiff worked at least 35 Saturdays from 8:00 AM to 2:00 PM (6 hours).

12. Thus, during his employment with Defendants, Plaintiff worked an average of 93 weeks with 50 working hours weekly and 35 weeks with 56 hours weekly.

13. Plaintiff worked in excess of 40 hours every week. However, she was compensated for only 40 hours weekly. Plaintiff was always paid $750.00 weekly regardless of the number of hours worked. Plaintiff was not paid for overtime hours, as required by law.

14. Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working more than 40 hours weekly.

15. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours as provided by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l).

16. Plaintiff was paid with company checks from JTP Enterprises, LLC, which was Defendants' business, and with a credit card under the name of Mrs. Nakari Parker. Plaintiff was not provided with accurate paystubs showing the real number of days and hours worked.

17. On or about December 17, 2021, Plaintiff was fired after contracting the COVID-19 virus.

18. Plaintiff did not reside at Defendants' private residence, and Plaintiff had her own home. Thus, Plaintiff did not meet the definition to be considered a live-in domestic service employee. As such Plaintiff must be paid overtime hours at the rate of one and a half times her regular rate of pay, for all hours worked over 40 in a workweek.

19. Plaintiff KARINA C. NUNEZ seeks to recover unpaid overtime wages, liquidated damages, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

20. Plaintiff KARINA C. NUNEZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff KARINA C. NUNEZ to recover from the Employers JAMES T. PARKER and NAKARI PARKER unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l) which states:

    **(l) Employment in domestic service in one or more households**
    No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

22. Title 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

23. At all times relevant to this action, Plaintiff KARINA C. NUNEZ was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

24. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

25. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

26. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

27. Pursuant to 29 USC § 206, at all times relevant to this action, the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

28. Defendants JAMES T. PARKER and NAKARI PARKER employed Plaintiff KARINA C. NUNEZ as a household domestic employee to work in their private residence located at 14621 Pompano Drive, Coral Gables, Florida 33158.

29. Plaintiff worked for the family approximately from July 01, 2019, to December 17, 2021, or 128 weeks.

30. When Defendants JAMES T. PARKER and NAKARI PARKER hired Plaintiff KARINA C. NUNEZ, they entered into a verbal employment agreement with her detailing her days of work, working hours per day, and rates-wages per hour.

31. Pursuant to the terms of the verbal agreement, Plaintiff was going to perform as domestic employee, 40 hours per week from Monday to Friday, and Defendants JAMES T. PARKER and his wife NAKARI PARKER were to pay Plaintiff KARINA C. NUNEZ for the full value of her work and services including overtime hours if any.

32. During her entire period of employment as a domestic household employee in the private home of Defendants, Plaintiff KARINA C. NUNEZ worked as a full-time housekeeper and cook.

33. Plaintiff had a regular schedule. She worked from Monday to Friday from 8:00 AM to 6:00 PM (10 hours). Plaintiff was unable to take regular bonafide lunch breaks, and she completed a minimum of 50 hours worked every week.

34. Additionally, while employed by Defendants, Plaintiff worked at least 35 Saturdays from 8:00 AM to 2:00 PM (6 hours).

35. Thus, during his employment with Defendants, Plaintiff worked an average of 93 weeks of 50 working hours weekly and 35 weeks of 56 hours weekly.

36. Plaintiff worked in excess of 40 hours every week. However, she was compensated for only 40 hours weekly. Plaintiff was always paid $750.00 weekly regardless of the number of hours worked.

37. Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working more than 40 hours weekly.

38. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours as provided by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l).

39. Plaintiff was paid with company checks from JTP Enterprises, LLC, which was Defendants' business, and with a credit card under the name of Mrs. Nakari Parker. Plaintiff was not provided with accurate paystubs showing the real number of days and hours worked.

40. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her should be in the possession and custody of Defendants. Nevertheless, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

41. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of the complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

\* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

    Ten Thousand Seven Hundred Twenty-Seven Dollars and 00/100 ($10,727.00)

    b. <u>Calculation of such wages</u>:

Total weeks of employment: 128 weeks
Total number of relevant weeks: 128 weeks
Paid: $750.00 weekly

**1.- Unpaid O/T calculations for 93 weeks with 50 hours weekly**

Total relevant weeks: 93 weeks
Total number of hours worked: 50 hours weekly
Total of unpaid O/T hours: 10 hours weekly
Paid: $750.00:50 hours = $15.00 regular hourly rate x 1.5=$22.50
O/T rate: $22.50-$15.00 rate paid=$7.50 half-time difference

Half-time $7.50 x 10 O/T hours=$75.00 weekly x 93 weeks=$6,975.00

**2.- Unpaid O/T calculations for 35 weeks with 56 hours weekly**

Total relevant weeks: 35 weeks
Total number of hours worked: 56 hours weekly
Total of unpaid O/T hours: 16 hours weekly
Paid: $750.00:56 hours = $13.39 regular hourly rate
Regular rate: $13.39 x 1.5= $20.09
O/T rate: $20.09-$13.39 rate paid=$6.70 half-time difference

    Half-time $6.70 x 16 O/T hours=$107.20 weekly x 35 weeks=$3,752.00

    Total # 1 and # 2= $10,727.00

  c. <u>Nature of wages</u> (e.g., overtime or straight time):

  The amount represents the unpaid half-time overtime

42. At all times material hereto, the Employers/Defendants JAMES T. PARKER and NAKARI PARKER failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendants never posted any notice, as required by the Fair Labor Standards Act. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act to inform Plaintiff of her Federal rights to overtime and/or minimum wage payments.

45. Defendants JAMES T. PARKER and NAKARI PARKER willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages and Plaintiff is entitled to recover double damages.

46. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KARINA C. NUNEZ respectfully requests that the Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants JAMES T. PARKER and NAKARI PARKER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as the Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff KARINA C. NUNEZ demands trial by jury of all issues triable as of right by jury.

Dated: February 16, 2022

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*